UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-CV-25234

VIVIAN PONS,

 Plaintiff,

vs.

HARVARD MAINTENANCE, INC.,

 Defendant.
_____/

# COMPLAINT

 Plaintiff, Vivian Pons, brings this action to address the age discrimination that Defendant, Harvard Maintenance, Inc., engaged in when it terminated her employment and caused her damages, as follows:

### *Parties, Jurisdiction, and Venue*

 1. **Plaintiff, Vivian Pons ("Ms. Pons")**, was and is a resident of Miami-Dade County, Florida, at all times material, and she is *sui juris*.

 2. **Defendant, Harvard Maintenance, Inc. ("HMI")**, is a *sui juris* New York for-profit corporation that is authorized to conduct and that actually conducted its business throughout this District.

 3. This Court has original jurisdiction over Ms. Pons' claims that arise under federal law and supplemental/pendent jurisdiction over her related state law claims.

 4. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because HMI is located within this District and because most of the actions complained of occurred within this District.

### *Background Facts*

5. Ms. Pons began working for HMI on March 10, 2014 as an "Area Manager".

6. HMI agreed to pay Ms. Pons an annual salary, to provide her with a car allowance, to provide her with paid time off (inclusive of personal and sick days), to allow her to participate in the 401(k) Savings Program, and to participate in group health, dental, life and longer-term disability insurance plans.

7. Ms. Pons is currently 67 years old, and she was the oldest person with her position/title at HMI and the oldest person in her working group.

8. Ms. Pons had a stellar work history with HMI.

9. Ms. Pons did not receive any complaints, written counseling statements, nor any documented work-related issues with her performance during her tenure at HMI.

10. Ms. Pons was a devoted and faithful employee of HMI for over five (5) years.

11. While working for HMI, Ms. Pons suffered a work-related injury on December 7, 2018.

12. Ms. Pons was then restricted to performing only light duty work as of March 2019.

13. Several younger persons who held positions superior to Ms. Pons initiated a conversation with her in October 2019, wherein they started asking her about her plans for retirement, not due to any comments by Ms. Pons, but solely due to her age.

14. Shortly afterwards, on November 4, 2019, HMI terminated Ms. Pons' employment while she was still receiving workers' compensation benefits.

15. HMI terminated Ms. Pons because she was an older worker while retaining younger employees who held same position, but who had less tenure, without first giving Ms. Pons the opportunity to cover additional or different areas.

2

16.     All conditions precedent were performed by Ms. Pons, occurred, or waived.

17.     Ms. Pons retained the undersigned counsel and agreed to pay her counsel a reasonable fee for all services rendered.

### COUNT I – AGE DISCRIMINATION
### IN VIOLATION OF THE ADEA

Plaintiff, Vivian Pons, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

18.     The Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* ("ADEA"), prohibits "arbitrary age discrimination in employment".

19.     HMI was at all times material an "employer", as the term is defined by the ADEA. 29 U.S.C. §630.

20.     HMI was at all times engaged in an industry affecting commerce by its performance of commercial cleaning services for businesses, including banks and other commercial institutions.

21.     HMI at all times material employed twenty (2) or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

22.     Ms. Pons was at all times material an "employee" of HMI, as the term is defined by the ADEA. 29 U.S.C. §630.

23.     Ms. Pons was over 40 years old when HMI terminated her employment.

24.     Ms. Pons was qualified to continue to perform her work for HMI when it terminated her employment.

25.     HMI made the decision to terminate Ms. Pons' employment, in order to retain its substantially younger employees who held the same or similar positions, but who had not worked with HMI for as long as Ms. Pons.

3

26. HMI improperly discharged Ms. Pons from her employment because of her age in violation of the ADEA.

27. HMI's acts of omission and/or of commission violated the ADEA, which prohibits discrimination against persons over 40 in the workplace.

28. As a direct and proximate result of HMI's conduct as described above, Ms. Pons incurred economic losses, including the loss of wages and benefits, seniority, pension, vacation and sick leave benefits. In addition, her reputation was harmed and she suffered mental anguish and emotional distress as a direct and proximate result of HMI's conduct.

WHEREFORE Plaintiff, Vivian Pons, demands the entry of a judgment in her favor and against Defendant, Harvard Maintenance, Inc., after trial by jury, as follows:

    a. Determining that Defendant, Harvard Maintenance, Inc., is liable to Plaintiff for violating the ADEA;

    b. Awarding Ms. Pons compensatory damages, including for economic losses suffered by Plaintiff, the value of the lost benefits attendant to her employment;

    c. Awarding Ms. Pons non-economic damages, including for damages to her reputation, emotional distress damages;

    d. Awarding equitable relief by placing Ms. Pons in the position she would be in, but for the unlawful discrimination, through either reinstatement or lost future wages and employment-related benefits;

    e. Awarding liquidated damages in an amount equal to the compensatory damages awarded to Ms. Pons;

    f. Awarding injunctive relief prohibiting Defendant, Harvard Maintenance,

      Inc., from discriminating against her;

  g.  Awarding her attorneys' fees, costs;

  h.  Awarding all interest allowed by law; and

  i.  Awarding such other relief as the Court deems just and proper.

## COUNT II – AGE DISCRIMINATION IN VIOLATION OF THE FCRA

Plaintiff, Vivian Pons, reincorporates and re-alleges paragraphs 1 through 17 as though set forth fully herein and further alleges as follows:

29. The Florida Civil Rights Act, Fla. Stat. §760.01, *et seq.* ("FCRA"), prohibits "discrimination because of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status".

30. HMI at all times material employed 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year and so was an "employer", as the term is defined by the FCRA. Fla. Stat. §760.02.

31. Ms. Pons was at all times material a "person" as the term is defined by the FCRA. Fla. Stat. §760.02.

32. Ms. Pons was an "aggrieved person" as defined by the FCRA. *Id.*

33. Ms. Pons was over 40 years old when HMI terminated her employment.

34. Ms. Pons was qualified to continue to perform her work for HMI when it terminated her employment.

35. HMI made the decision to terminate Ms. Pons' employment, in order to retain its substantially younger employees who held the same or similar positions, but who had not worked with HMI for as long as Ms. Pons.

36. HMI improperly discharged Ms. Pons from her employment because of her age in violation of the FCRA.

37. HMI's acts of omission and/or of commission violated the FCRA, which prohibits discrimination against persons over 40 in the workplace.

38. As a direct and proximate result of HMI's conduct as described above, Ms. Pons incurred economic losses, including the loss of wages and benefits, seniority, pension, vacation and sick leave benefits. In addition, her reputation was harmed and she suffered mental anguish and emotional distress as a direct and proximate result of HMI's conduct.

39. Due to the difficulties that older workers encounter in finding replacement employment, the FCRA provides for aggrieved employees such as Ms. Pons to also recover punitive damages against their former employer – in this case HMI.

WHEREFORE Plaintiff, Vivian Pons, demands the entry of a judgment in her favor and against Defendant, Harvard Maintenance, Inc., after trial by jury, as follows:

    a. Determining that Defendant, Harvard Maintenance, Inc., is liable to Plaintiff for violating the FCRA;

    b. Awarding Ms. Pons compensatory damages, including for economic losses suffered by Plaintiff, the value of the lost benefits attendant to her employment;

    c. Awarding Ms. Pons non-economic damages, including for damages to her reputation and emotional distress damages;

    d. Awarding equitable relief by placing Ms. Pons in the position she would be in, but for the unlawful discrimination, through either reinstatement or lost future wages and employment-related benefits;

e. Awarding injunctive relief prohibiting Defendant, Harvard Maintenance, Inc., from discriminating against her;

f. Awarding her attorneys' fees, costs;

g. Awarding all interest allowed by law; and

h. Awarding such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Vivian Pons, demands a trial by jury of all issues so triable.

Respectfully submitted this 23rd day of December 2020,

> s/Brian H. Pollock, Esq.
> Brian H. Pollock, Esq.
> Fla. Bar No. 174742
> brian@fairlawattorney.com
> FAIRLAW FIRM
> 7300 N. Kendall Drive
> Suite 450
> Miami, FL 33156
> Tel:    305.230.4884
> *Counsel for Plaintiff*